**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:   (406) 657-6101
FAX:     (406) 657-6989
E-Mail: Lori.Suek@usdoj.gov


**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**FRANK JAMES SANCHEZ,**<br><br>Defendant. | CR 16-82-BLG-SPW<br><br>**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

Frank Sanchez has requested a significant downward variance from the advisory guideline range of 108 to 135 months, a range that is undisputed, arguing that his case, conduct, and situation are similar to Moses Rising Sun, a defendant in

1

*United States v. Eugene and Moses Rising Sun*, CR 05-62-BLG-RFC. The undersigned was the prosecutor of the *Rising Sun* case. For the following reasons, the United States disagrees with Sanchez's argument.

Although the advisory guideline range is but a starting point, Rising Sun faced an advisory guideline range of 51 to 63 months, less than half of the undisputed advisory guideline range faced by Sanchez. Additionally, Rising Sun received what was in essence a reduction for substantial assistance that was built into the plea agreement. *See* Plea Agreement at ¶ 11 (CR 05-62-BLG-RFC – Doc. 42).

It is true that Sanchez testified at the trial of Dimarzio Sanchez and, at least in part, assisted the United States in obtaining that conviction. Securing his testimony was the driving factor behind the plea offer extended to Sanchez. But, unlike in the *Rising Sun* case, Sanchez was not the only witness for the United States. At trial, the United States presented testimony from three other individuals that were present and/or took part in R.R.'s murder. The state of the evidence of the *Rising Sun* case differed significantly from this case because the United States had no choice but to strike a deal with Moses Rising Sun to secure a conviction against Eugene Rising Sun. Although another brother, a juvenile at the time, was present at the scene of the murders, he was passed out and could not

2

provide any assistance in proving the case against Eugene. This is relevant because it provides context for why Moses Rising Sun received the plea agreement offer that he did, which differed significantly from the offer extended to Sanchez.

Although it is true that, in 2005, Moses Rising Sun was indicted for aiding and abetting first degree murder, it is important to note that Moses Rising Sun could not have been indicted, let alone convicted, for that offense after *Rosemond v. United States*, 134 S. Ct. 1240 (2014). *Rosemond* made clear that a defendant must "(1) take[ ] an affirmative act in furtherance of th[e] offense, (2) with the intent of facilitating the offense's commission." *Id*. at 1245. Additionally, the Ninth Circuit case of *United States v. Goldtooth*, 754 F.3d 763, 769 (9th Cir. 2014), would have also created an impediment to the indictment and conviction of Moses Rising Sun for aiding and abetting murder. *Goldtooth* reversed convictions for aiding and abetting robbery because there was no evidence that the defendants had prior knowledge that a robbery was going to occur. *Id.*

Turning to the facts of the *Rising Sun* case, there was no evidence that Moses Rising Sun had prior knowledge that his brother was going to murder two women. Moses drove the car to the pond where the women were murdered. The car stopped and all except for one Rising Sun brother, the juvenile, got out of the car. Without warning, Eugene bludgeoned the women with a tire iron. The

3

crime started when Moses was doing something in the trunk and he heard a thump and a scream.   Prior to that, there was no evidence that Moses had prior knowledge or a reason to suspect that Eugene had a motive for killing one of the women and was planning to do it at the pond.   After the fact, Moses learned from Eugene (he later denied this fact) that Eugene believed one of the women was a snitch, which provided motive for the murders.

   Here, although Sanchez claims that he had no prior knowledge that Dimarzio Sanchez was going to douse R.R. with gasoline and set her on fire, he retrieved the gas can of gasoline and handed it to Dimarzio Sanchez when Sanchez told him to do it.   And at the time he handed the gas can to Dimarzio, R.R. was lying on the ground, naked, after having been assaulted and strangled.   Before he retrieved the gas can, Sanchez was at a minimum present for the assault and strangling of R.R. and, if Whiteman is believed, took part in the assault. Consequently, unlike Moses Rising Sun, there is evidence that arguably could have been used by a jury to convict Sanchez of aiding and abetting first-degree murder.

   That leaves the similarities.   It is true that both Moses Rising Sun and Sanchez were very young at the time of the respective murders, and had little criminal history.   And they both lied when first interviewed by law enforcement. On the surface, it may appear that Moses Rising Sun and Frank Sanchez are similar

4

defendants. Looking beneath the surface, however, reveals the differences: (1) a significantly higher advisory guideline range; (2) significantly different conduct during the commission of the crime; and (3) significantly different plea agreements. It is not disputed that sentencing disparity must be avoided if possible but, in this case, the differences outweigh the similarities. Disparity in sentencing is not an issue here.

In sum, the United States, requests a sentence at the statutory maximum of both counts of conviction imposed consecutively.

DATED this 12th day of December, 2018.

                                              KURT G. ALME
                                              United States Attorney

                                              */s/ Lori Harper Suek*
                                              LORI HARPER SUEK
                                              Assistant U.S. Attorney