IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK JAMES SANCHEZ,<br><br>Defendant. | CR 16-82-BLG-SPW-TJC-3<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 445.)

On January 27, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to time served, followed by 34 months of supervised release.

**I.    Background**

In 2018, Defendant was convicted of Misprison of a Felony (Count 1), and Accessory After the Fact (Count 2). On December 21, 2018, he was sentenced to 36 months custody with 12 months supervised release on Count 1, and 108 months with 36 months of supervised release on Count 2, to run concurrent. (Doc. 386.) Defendant began serving his term of supervised release on September 27, 2024.

1

On October 23, 2024, the United States Probation Office filed the petition now at issue. (Doc. 432.) The petition alleges that Defendant violated 4 conditions of supervised release and provided a brief explanation of each violation. *Id*. Judge Watters issued an arrest warrant for Defendant on October 23, 2024, and he was arrested on November 17, 2024. (Doc. 435.) Defendant was subsequently released on December 23, 2024 to inpatient treatment at the Recovery Centers of Montana (RCM) pending his revocation hearing. (Doc. 443)

## II. Final Revocation Hearing

At Defendant's final revocation hearing, the undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Watters prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition. The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the underlying offense in Count 1 is a class E felony and Count 2 is a class C felony. Under those circumstances, the maximum sentence is 12 months incarceration on Count 1, and 24 months incarceration on Count 2. The United States Sentencing Guidelines call for 3-9 months incarceration on both Counts. Defendant could also be sentenced to as much as 12

months supervised release on Count 1, and 36 months on Count 2, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of time served and 34 months supervised release. Defendant's also counsel requested a sentence of time served.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served on both counts, followed by a term of supervised release of 10 months on Count 1, and 34 months on Count 2, to run concurrently.

In making this recommendation, the undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations, which is notable for Defendant's very poor start on supervised release. All of Defendant's violations took place within a few weeks after his release from custody, and all appear to be related to a relapse of methamphetamine use and related violations.

With regard to Defendant's history and characteristics, he has a criminal category I. He has never been on supervision before, and it is hoped that this revocation will cause Defendant to realize that his compliance is required, or he will face revocation of his supervised release and a term of custody.

The undersigned has also considered the need for future educational or vocational training and correctional treatment. Defendant was given the opportunity to attend inpatient treatment at RCM. By all accounts, he did very well in treatment and has earned solid support from his counselors at RCM. Defendant has also arranged for placement at the Stepping Stones Sober Living facility in Kalispell, Montana to continue with his substance abuse treatment. He is clearly in need of such treatment, and it is hopeful that if Defendant successfully completes his outpatient treatment and can stay sober, he will be successful on supervision.

Finally, the undersigned has considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. Given that this is Defendant's first revocation, it is hoped that his arrest and detention following his violations will serve as adequate deterrence. Defendant understands that future violations will not be tolerated, and such deterrence will be sufficient to protect the public from further violations and criminal activity.

Considering all of these factors, the Court concludes a sentence of time served, followed by 34 months supervised release is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

///

///

## IV. **Conclusion**

Defendant was advised that the above sentence would be recommended to Judge Watters, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Watters prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he refrain from the unlawful use of a controlled substance, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he report to probation as instructed, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he participate in and successfully complete a program of substance abuse treatment, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he live at a place approved by the probation officer, as alleged in Violation No. 4.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to time served on both counts, followed by a term of 34 months

supervised release, consisting of 10 months for Count 1 and 34 months for Count 2, all to run concurrent.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Watters, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 27th day of January, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge